UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WILLIAM KELTNER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:16-CV-179-TAV-HBG |
| DOUG COOK, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 3] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I. Filing Fee**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**.

Because Plaintiff is an inmate in the South Central Correctional Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average

monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum Opinion and the accompanying Order to the Warden of the South Central Correctional Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## III. Allegations of the Complaint

In his complaint, Plaintiff alleges that on February 11, 2016, all prisoners at Bledsoe County Correctional Complex were locked in their cells due to snow [Doc. 1 p. 1]. Plaintiff also alleges that on February 12, 2016, approximately sixty-four prisoners were notified that they would continue to be locked down until further notice due to having a bad attitude [*Id.*]. According to Plaintiff, this additional lockdown was pursuant to Defendant's order [*Id.*]. Plaintiff also states that, for several weeks, some prisoners included in this additional lockdown had filed grievances and request forms regarding having to take a class against their will [*Id.* at 1–2].

During this five-day lockdown, Plaintiff was unable to take a shower, denied clean clothes, and forced to be around stopped up toilets [*Id.* at 2]. Plaintiff complains that these conditions resulted in Plaintiff having to smell himself and cellmate, as well as breathe in the fumes from urine and feces [*Id.*]. Based on these allegations, Plaintiff asserts claims based on violations of his First and Eighth Amendments rights [*Id.* at 1].

## IV. Legal Analysis

First, considering Plaintiff's claim based on the First Amendment, the Court notes that "[r]etaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment." *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir. 1994). A claim for retaliation requires a plaintiff to establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him which would deter a person ordinary firmness from continuing to engage in such conduct; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In his complaint, Plaintiff does not set forth any facts from which the Court can plausibly infer that Plaintiff filed a grievance or engaged in other protected conduct that motivated Defendant to order the five-day lockdown.[1] As such, his complaint fails to state a claim for retaliation and, therefore, fails to set forth a claim for violation of his First Amendment right to freedom of speech.

---

[1] Specifically, although Plaintiff alleges that some prisoners filed grievances and requests related to being forced to take a class [Doc. 1 p. 2], Plaintiff never states when these grievances/requests were filed or alleges that these grievances/requests motivated the lockdown. Even if he did so allege, however, the complaint would still fail to state a claim under § 1983, as Plaintiff does not set forth any facts tending to show that he filed such a grievance or engaged in other protected conduct.

4

Accordingly, the Court must now determine whether Plaintiff has stated a claim for violation of the Eighth Amendment based upon the alleged conditions of confinement during the five-day lockdown. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Sixth Circuit has specifically held that deprivation of a shower and other personal hygiene items for a short period of time, such as six days, is not actionable under the Eighth Amendment. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). The Sixth Circuit has likewise held that where the plaintiff did not identify a deprivation of an identifiable human need, his conditions of confinement claim was properly dismissed. *Id.* Accordingly, Plaintiff's allegations that he was denied a shower, denied clean clothes, and around stopped up toilets for a five-day period, during which time he was exposed to bad smells, fail to state a claim for violation of the Eighth Amendment.

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 and this action will, therefore, be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## V. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**, and this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE